IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC MUATHE, et al.,

      Plaintiffs,

      v.

LORI FLEMING, et al.,

      Defendants.

Case No. 16-CV-2108-JAR-GLR

## ORDER

Upon subsequent review of existing law and the parties' memoranda of law, the Court amends as follows its previous Memorandum and Order Granting in Part and Denying in Part Plaintiffs' Motion for Leave to Amend (Doc. 34):

In Count 6 of their original Complaint and First Amended Complaint, Plaintiffs alleged a tortious interference with contractual relations claim against Defendants Lori Fleming and Kurtis Loy.[1]  In their Second Amended Complaint, however, Plaintiffs added Defendants Bill Wachter, Joe Manns, and My Town, Media, Inc. ("My Town") to their Count 6 tortious interference claim.[2]

Under Kansas law, "[t]he elements of tortious interference with a contract are: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom."[3]  The Tenth Circuit and courts in this District have provided guidance as to who may be a defendant to a tortious interference with contractual relations claim:

---

[1]Docs. 1 & 5.

[2]Doc. 14 at 17–19.

[3]*Cohen v. Battaglia*, 293 P.3d 752, 546 (Kan. 2013) (citing *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130 Kan. 2003)).

> The contractual relation must be one to which the defendant is an outsider, since the defendant cannot "interfere" with its own affairs.  The breaching party to a contract may not be sued for the tort of inducing a breach of contract.  The plaintiff's recourse against the breaching party is limited to a contract action.[4]

Further, employees of the contracting party who act within the scope of their employment may not be held personally liable for the alleged tortious interference of their employers, because the employees' "acts and motives are legally attributable to the employer."[5]

Here, Plaintiffs assert a breach of contract claim against My Town in Count 4 of their proposed Second Amended Complaint.[6]  Thus, My Town, as the allegedly breaching party, may not be a defendant to the tortious interference claim in proposed Count 6.  Further, Plaintiffs allege in their proposed Second Amended Complaint that Defendant Manns was My Town's "employee and/or agent, and was acting within the scope of, and in furtherance of his employer's business interest."[7]  As an employee of My Town acting within the scope of his employment, Defendant Manns cannot be held liable for tortious interference with My Town's contract.  Finally, the proposed Second Amended Complaint alleges that Defendant Wachter "is one of the owner[s] and/or shareholders of defendant My Town Media, Inc."[8]  As one of the owners or shareholders of the contracting party, Defendant Wachter is not "an outsider" to the contractual affairs of My Town, and therefore he cannot be liable for tortious interference with My Town's contract.

The Court finds that because the three Defendants discussed above cannot be parties to a claim of tortious interference with Defendant My Town's contract, Plaintiff King's proposed

---

[4]*Tyrrell v. Boeing Co.*, No. 91-1285-FGT, 1994 WL 114841, at *17 (D. Kan. Mar. 24, 1994) (citations omitted).

[5]*Id.* at *18 (citing *Johnson v. Wefald*, 766 F. Supp. 977, 984 (D. Kan. 1991)).

[6]Doc. 14 at 15.

[7]*Id.* at 3.

[8]*Id.* at 8.

2

Count 6 claim against these Defendants would be futile.  Accordingly, the Court amends its previous Memorandum and Order and denies Plaintiff Kasey King's motion for leave to amend as it relates to his Count 6 tortious interference with contractual relations claim against Defendants Wachter, Manns, and My Town.  Plaintiff King is, however, granted leave to amend as to Count 6 as it relates to Defendants Fleming and Loy.  Finally, because Count 6 and all other Counts of Plaintiffs' proposed Second Amended Complaint are futile as to Defendant Manns, the Court dismisses Defendant Manns from this case.  All other aspects of the Court's previous Memorandum and Order remain in effect.[9]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kasey King is **denied** leave to amend Count 6 as it relates to Defendants Bill Wachter, Joe Manns, and My Town Media, Inc.  Defendant King is, however, granted leave to amend Count 6 as it relates to Defendants Lori Fleming and Kurtis Loy.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant Joe Manns is dismissed from this case.

**IT IS SO ORDERED.**

Dated: November 22, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9]Doc. 34.