IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KASEY KING,

      Plaintiff,

      v.                                  Case No. 16-2108-JAR-GLR

LORI FLEMING, ET AL.,

      Defendants.

## MEMORANDUM AND ORDER

On January 27, 2017, this Court entered a Memorandum and Order imposing sanctions and dismissing this case in its entirety based on Plaintiff and his counsel's conduct in attaching and incorporating into his Second Amended Complaint ("SAC") an admittedly manipulated email, and based on counsel's failure to conduct a reasonable inquiry into the veracity of the exhibit containing the email (Doc. 64). This matter comes before the Court on Plaintiff's Motion to Alter or Amend Order Dismissing Plaintiff's Action, Imposing Sanctions, and Order for Clarification (Doc. 70). Plaintiff requests that the Court reconsider its dismissal of the case and imposition of sanctions, and re-open the case to allow discovery as to the authenticity of an email that Defendant Lori Fleming's counsel sent to Plaintiff's counsel. The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies Plaintiff's motion.

I.      **Background**

The Court has repeatedly recited the procedural history and factual allegations at issue in this case in previous orders.[1] A brief summary of each, however, is necessary to resolve this

---

[1] *See* Docs. 34 & 64.

matter.  Plaintiff Kasey King and thirty additional Plaintiffs filed a Complaint and Amended

Complaint against Defendants Judge Lori Fleming, Judge Kurtis Loy, My Town Media, Inc., and

Joe Manns, alleging various civil rights and state law claims based on the alleged removal of

Plaintiffs' radio advertisements.  The advertisements were designed to garner support for a

signature drive campaign to remove Defendants Fleming and Loy from their positions as state

judges. Plaintiffs alleged Judges Fleming and Loy used their status as judges to order Defendants

to remove the advertisements.  Defendants each filed motions to dismiss.  Without seeking leave

of Court or Defendants' consent, Plaintiffs filed their SAC on July 27, 2016.  The SAC added

allegations regarding Judges Fleming and Loy's use of their official positions to persuade

Defendants Wachter and My Town to take Plaintiffs' radio advertisement off the air. Relevant to

this matter, the SAC alleged the following:

> 48. Meanwhile, in furtherance of the agreement and conspiracy between Fleming
> and Loy to infringe on plaintiffs' constitutional rights, defendant Fleming on
> February 19, 2015, willfully and intentionally prepared [sic] wrote an email to
> defendant Wachter, and for maximum effects, deliberately use [sic] her (Fleming)
> official court assigned e-mail account, which essentially states as follows:
>> "Bill Wachter, is this your station? Kurt is saying Eric Muathe and posse
>> cometaut (sic) have an ad on this station to oust all the judges. I would just
>> like to know since my kids were listening when I heard the ad this
>> morning on my way to work. If so, get it off." (See Exhibit 2 – unofficial
>> version of defendant Fleming email to defendant Wachter).[2]

Plaintiffs attached two exhibits to their SAC.  The second exhibit ("Exhibit 2"), which

Plaintiffs referred to as an "unofficial version of defendant Fleming email to defendant

Wachter," appeared to be a portion of an email written by Judge Fleming.[3]  The only text visible

on the underlying document stated "Is this your station? Kurt is saying Eric Muathe and posse

cometaut have an ad on this station to oust all the judges.  I would just like to know since my

---

[2] Doc. 14 at 9 (alterations in brackets added).

[3] Doc. 14-2.

kids . . . ."[4]  The remainder of the message was not shown.  However, included in the exhibit was superimposed text that appeared to suggest what the entirety of the message stated:

> [Bill Wachter] is this your station? Kurt [Judge Kurtis l. Loy] is saying Eric Muathe and posse cometaut [sp] have an ad on this station to oust all the judges. I would just like to know since my kids [were listening when I heard the ad this morning on my way to work. If so, get it off].[5]

Defendants filed motions to strike the Second Amended Complaint and Plaintiffs filed a Motion for Leave to File SAC Nunc Pro Tunc.

On November 17, 2016, the Court entered a Memorandum and Order granting Defendants' motions to strike and granting Plaintiff King leave to amend as to Counts 3, 4, and 6 of his SAC.[6]  Plaintiff King filed his SAC on November 28, 2016.[7]  In the SAC, Plaintiff included the allegation described above regarding the alleged email from Judge Fleming to Defendant Wachter.  Plaintiff also attached to this Complaint Exhibit 2, the document reflecting a portion of an email with superimposed text.

On December 1, 2016, Defendants Loy and Fleming submitted a "Golden Rule Letter" along with an unfiled Rule 11 Motion and supporting memorandum to Plaintiff King and his counsel, Adebayo Ogunmeno.[8]  Attached to the unfiled memorandum in support of sanctions was an exhibit that Defendants represented was the true email from Judge Fleming to Defendant Wachter, sent on February 19, 2015.[9]  The email stated, "Is this your station? Kurt is saying Eric Muathe and posse cometaut have an ad on this station to oust all the judges.  I would just like to

---

[4]*Id.*

[5]*Id.*; Doc. 37-2 (alterations in original).

[6]Doc. 34 at 28–29.  The Court later amended its ruling by further limiting Plaintiff's amendments as to his tortious interference with contractual relations claim and by dismissing Joe Manns from this case.  Doc. 36.

[7]Doc. 37.

[8]Doc. 38.

[9]Docs. 45-1 & 45-3.

know since my kids watch Colgran live through this station.  Thanks."[10]  Defense counsel Stephen Phillips apparently sent a .msg file containing the email to Mr. Ogunmeno on December 12, 2016.[11]  Defendants explained in their golden rule letter that they would not file the motion for sanctions if Plaintiff withdrew the SAC or agreed to dismissal within twenty-one days of service of the letter.

Plaintiff did not withdraw the SAC or agree to dismissal, and Defendants filed their Motion for Sanctions on December 22, 2016.[12]  In responding to the motion, Plaintiff's counsel, Mr. Ogunmeno, admitted that he received Exhibit 2 from former plaintiff Eric Muathe, that Mr. Muathe had inserted the superimposed text into Exhibit 2, and that Mr. Ogunmeno attached the Exhibit to the SAC.[13]  On January 27, the Court entered a Memorandum and Order granting Defendants' motion for sanctions.[14]  The Court detailed the conduct of Plaintiff King and former Plaintiffs Muathe and Travis Carlton in manipulating Exhibit 2 and presenting it to the Court in support of their SAC.  The Court also summarized Mr. Ogunmeno's conduct in receiving Exhibit 2, attaching it to the SAC, incorporating the superimposed text into the SAC without conducting *any* inquiry into the veracity of Exhibit 2, and failing to indicate anywhere in the SAC that the quoted text from Exhibit 2 did not originate from the true email.[15] After considering the conduct described above, the purposes to be served by sanctions, and other factors, the Court found that sanctions must include dismissal of this case in its entirety with prejudice, as well as imposition

---

[10]*Id.* at 1.

[11]Doc 70-3 at 4; Doc. 71 at 1.

[12]Doc. 44.

[13]Doc. 60 at 2–3.

[14]Doc. 64.

[15]*Id.* at 10–12.

of reasonable attorney's fees and costs, to "deter repetition of the conduct or comparable conduct by others similarly situated."[16]

## II.    Discussion

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, while Fed. R. Civ. P. 59 and 60 govern motions to reconsider dispositive orders.[17]   Defendant moves pursuant to Rule 59(e), and the Court finds this standard appropriate, given that the Court's Memorandum and Order was dispositive of this case.   Under Rule 59(e), grounds warranting a motion to reconsider include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[18]   "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[19]   Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[20]   A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[21]   Whether to grant a motion to reconsider is left to the Court's discretion.[22]

---

[16]*Id.* at 12–17.

[17]D. Kan. Rule 7.3; *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[18]*Servants of Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[19]*Id.*

[20]*Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir.1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[21]*Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[22]*Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

Plaintiff argues that the Court should reconsider its Memorandum and Order and re-open this case based on what Plaintiff asserts is "newly discovered and unavailable evidence."[23] Plaintiff states that three forensic experts analyzed the .msg file that contained the email defense counsel sent to Plaintiff's counsel on December 1, 2016, which Defendants claim is the true email from Judge Fleming to Defendant Wachter.  Plaintiff points to the reports of these experts, which highlight several purported inconsistencies between the metadata of the .msg file and information contained in the email.  For example, the date line of the .msg file does not match the composition date of the email, and defense counsel's name, rather than that of Judge Fleming, appears in the "Last Modifier Name" field of the .msg file.[24]  Plaintiff argues that these inconsistencies demonstrate that defense counsel likely modified or tampered with the email, and thus the Court should re-open this case and allow for further discovery into the authenticity of the email.  Plaintiff also cites portions of Defendants' Answer to Plaintiff's SAC, in which Defendants admit that they had second-hand knowledge of the radio advertisements at the time the email was sent, that they knew there was a signature drive for a grand jury investigation, and that they knew Plaintiffs had previously participated in judicial ethics complaints against Judge Fleming.[25]

As an initial matter, the portions of Defendants' Answers that Plaintiff cites do not constitute "new evidence."  Defendants' Answers are not evidence, but rather a form of pleading.[26]  Additionally, Defendants filed their Answers to Plaintiff's SAC on December 12, 2016 and December 22, 2016, more than one month before the Court ruled on Defendants'

---

[23]Doc. 47.

[24]Doc. 70 at 2–4.

[25]Doc. 47.

[26]Fed. R. Civ. P. 7(a)(2).

motion for sanctions on January 27, 2017.[27]  The Court was aware of Defendants' Answers at the time it issued the Memorandum and Order imposing sanctions.

The Court is also not convinced that the expert reports—to the extent they constitute "new evidence"—cast substantial doubt on the authenticity of the email defense counsel sent to Mr. Ogunmeno on December 12, 2016.  Attached to Defendants' response to Plaintiff's motion is an affidavit of defense counsel Mr. Phillips, in which he states he (1) received the email in question from Judge Fleming on December 12, 2016; (2) saved the email and burned it to a CD on the same day without making changes to the text of the email; and (3) sent the CD to Mr. Ogunmeno by overnight delivery.[28]  Mr. Phillips' act in saving the email and burning the file to a CD without making changes to the email reasonably explains why the metadata of the .msg file on the CD would not be consistent with the date and name contained in the email.

Although the affidavit of Mr. Phillips appears to explain the inconsistencies identified in the experts' reports, the Court need not engage in an analysis of the authenticity of the .msg file and the December 12, 2016 email.  The Court's imposition of sanctions rested on a finding that Plaintiff and his counsel knowingly presented to the Court as an exhibit a manipulated document, incorporated text from the document into their SAC without identifying the text as fabricated, and Plaintiff's counsel submitted the SAC without performing a reasonable investigation into the veracity of the Complaint's allegations.  The Court's findings did *not*, contrary to Plaintiff's suggestion, rest on any finding as to the authenticity or veracity of the email Mr. Phillips sent to Mr. Ogunmeno.  Defendants' admissions in their Answers and the apparent inconsistencies in the December 12, 2016 email do nothing to cure the conduct of Plaintiff and Mr. Ogunmeno in

---

[27]Docs. 41, 43, & 47.  Plaintiff asserts that Defendants filed their Answers "[o]n or about the same time the [C]ourt" issued its Memorandum and Order granting Defendants' motion for sanctions.  Doc. 70 at 4.  As explained above, that is not the case.  Defendants filed their Answers well before the Court issued its motion for sanctions.

[28]Doc. 71-1.

submitting to the Court a Complaint that contained allegations based on a manipulated exhibit without counsel performing a reasonable inquiry into the allegations or the attached exhibit. In sum, Plaintiffs have presented no "new evidence" that calls into question the factual basis of the Court's ruling on sanctions.

Plaintiff's arguments reflect a fundamental failure to recognize the reasoning and purpose behind the Court's sanctions. Mr. Ogunmeno states that he "accept[s] responsibility for not sufficiently paraphrase [sic] the use of Exhibit 2 attached to King's [S]econd [A]mended [C]omplaint as the [C]ourt pointed out in its decision."[29] The Court's ruling on sanctions, however, did not rest on a finding that Mr. Ogunmeno failed to correctly paraphrase the text of Exhibit 2. Rather, as explained above, it rested on a finding of willful conduct of Plaintiff and his counsel in incorporating a manipulated document into the SAC without performing a reasonable inquiry under the circumstances.

Plaintiff additionally requests that, if the Court does not reconsider its ruling dismissing this case, the Court dismiss his state law claims without prejudice. Plaintiff argues that "the [C]ourt's decision to dismiss the 42 U.S.C. § 1983 as well as the two state law claims is too hash [sic] compare[d] to the misconduct needed to be deterred by Rule 11 punishment."[30] The Court, however, detailed in its Memorandum and Order why dismissal of this case in its entirety with prejudice was necessary to deter repetition of the conduct, given the severity of the misconduct and the Court's concern "that Mr. Ogunmeno [would] continue to abuse the judicial process by using altered evidence in later stages of litigation and draining judicial resources."[31] Plaintiff and Mr. Ogunmeno's continued desire to litigate the authenticity of an email not relevant to the

---

[29] Doc. 70 at 7.

[30] *Id.* at 8.

[31] Doc. 64 at 14.

Court's previous ruling, while not acknowledging the conduct that actually gave rise to sanctions, demonstrates that they fail to appreciate the basis of the Court's ruling on sanctions. Because Plaintiff has not presented "new evidence" that negates the factual basis of the Court's ruling on sanctions, the Court denies Plaintiff's motion to alter or amend the judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Kasey King's Motion to Alter or Amend Order Dismissing Plaintiff's Action, Imposing Sanctions, and Order for Clarification (Doc. 70) is **denied**.

**IT IS SO ORDERED.**

Dated: March 27, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
