IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KASEY KING,

     Plaintiff,

     v.                                   Case No. 16-2108-JAR-GLR

LORI B. FLEMING, ET AL.,

     Defendant.

## MEMORANDUM AND ORDER

On January 27, 2017, this Court entered a Memorandum and Order imposing sanctions and dismissing this case in its entirety based on Plaintiff and his counsel's conduct in attaching and incorporating into his Second Amended Complaint ("SAC") an admittedly manipulated email, and based on counsel's failure to conduct a reasonable inquiry into the veracity of the exhibit containing the email (Doc. 64). Along with dismissal, the Court imposed sanctions in the form of attorney's fees and costs pursuant to Fed. R. Civ. P. 11(c)(4). The Court ordered Plaintiff Kasey King, former Plaintiff Eric Muathe, and Plaintiffs' counsel Adebayo Ogunmeno to pay in equal shares to Defendants "all of the reasonable attorney's fees and other expenses" incurred since the filing of the manipulated exhibit attached to their SAC on July 27, 2016.[1]

To facilitate resolution of this matter, the Court directed Defendants to consult with Plaintiffs King and Muathe, and Mr. Ogunmeno, regarding the amount of attorney's fees and costs to be awarded. The Court directed the parties to file a stipulation and request for order setting forth the amount of fees and costs to be awarded if they reached an agreement. The Court further directed that, if the parties could not agree, Defendants should file a memorandum setting

---

[1]The conduct giving rise to sanctions and Court's reasoning for sanctions is explained more fully in the Memorandum and Order imposing sanctions. Doc. 64.

forth the amount of fees and expenses sought, the factual basis for the fees and expenses, and an analysis of four factors that the Court identified as determinative on the issue of fees and expenses.  The parties were unable to reach an agreement, and Defendants filed Motions for Attorney's Fees.[2]  The motions are fully briefed and the Court is prepared to rule.  For the reasons explained below, the Court grants Defendants' motions for attorney's fees.

In *White v. General Motors Corporation, Incorporated*, the Tenth Circuit set forth four factors for courts to consider when imposing monetary sanctions to ensure that the sanction imposed is "the least severe sanction adequate to deter and punish the plaintiff."[3]  These factors, the court explained, "serve as limitations on the amount assessed."[4]  Thus, to arrive at an appropriate amount, courts must consider at least the following: (1) the reasonableness (lodestar calculation) of the requested fees; (2) the minimum amount necessary to deter; (3) the sanctioned party's ability to pay; and (4) other factors, such as the offending party's history, experience, ability, the severity of the violation, and the risk of chilling effects on zealous advocacy.[5]  The Court therefore considers Defendants' requests for fees in light of these factors.

## I.      Judge Fleming's Request

Counsel Stephen Phillips, attorney for Judge Lori Fleming, filed a Motion to Set Attorney's Fees, seeking attorney's fees in the amount of $6,150.00.[6]  Mr. Phillips attached to the motion an affidavit summarizing his communications with opposing Counsel Ogunmeno and detailing the request for fees.[7]  According to Mr. Phillips' affidavit, the $6,150.00 in fees is

---

[2]Docs. 69 & 73.

[3]908 F.2d 675, 683–85 (10th Cir. 1990).

[4]*Id.* at 684.

[5]*Id.* at 684–85.

[6]Doc. 69.

[7]Doc. 69-1.

based on 30.75 documented hours working on this case and a $200 per hour fee.[8]  Mr. Phillips is employed by the Kansas Attorney General's Office, and thus he does not bill his clients and is not paid by the hour.  Mr. Phillips arrived at the $200 hourly rate based on his 23 years of experience practicing with the Kansas Attorney General's Office and his review of billing statements submitted by outside counsel the Attorney General's Office has retained in the past.[9]  Also attached to the motion is an affidavit submitted by Dennis Depew, Deputy Attorney General for the Civil Litigation Division of the Kansas Attorney General's Office.[10]  Mr. Depew states that, based on his 32 years of experience in private practice and as a Deputy Attorney General, and based on his familiarity with hourly billing rates in Kansas, he believes Mr. Phillips' $200 requested hourly rate is reasonable.

Mr. Phillips also submitted an exhibit detailing the hours he spent working on this case since November 30, 2016.[11]  Nearly all of the work listed is related to the motion for sanctions and responding to Plaintiff's SAC.  Mr. Phillips also states that the Attorney General's Office is not seeking fees for secretarial or paralegal work associated with defense of this matter, attorney's fees for counsel for Judge Kurtis Loy, any "costs" associated with the litigation, or any fees related to emails or phone calls he received or made that did not occur within a block of time allocated for this case.[12]

Mr. Phillips states in his affidavit that he communicated with Mr. Ogunmeno several times regarding the amount of fees sought.  Mr. Ogunmeno replied that Judge Fleming should

---

[8]*Id.*

[9]*Id.* at 3.

[10]*Id.* at 10.

[11]*Id.* at 9.

[12]*Id.* at 2–3.

waive attorney's fees, or in the alternative submit a request for fees based on Mr. Phillips' salary, rather than the $200 hourly rate he used.[13]

### A.    Reasonableness (Lodestar Calculation)

The Court finds Judge Fleming's request for $6,150.00 in attorney's fees reasonable. First, the Court is convinced that the underlying $200 hourly rate Mr. Phillips used to calculate fees is exceedingly reasonable in light of his experience, the complexity of this case, and rates typically approved by this Court and other courts.[14]  Plaintiffs and Mr. Ogunmeno provide no good reason, and the Court can find none, in support of their request to tie the hourly rate to Mr. Phillips' salary.  As explained above, the $200 hourly rate adequately reflects Mr. Phillips' experience, the complexities of this case, and hourly rates of which this Court has historically approved.  Additionally, the request for $6,150.00 does not include work by Mr. Phillips before November 30, 2016, work by paralegals or support staff, work by counsel for Judge Loy, or any "costs" associated with the litigation.  Based on these considerations, the Court finds Judge Fleming's request for $6,150.00 in attorney's fees reasonable.

### B.    Minimum Amount Necessary to Deter

The Court also finds that $6,150.00 is the minimum amount necessary to deter Plaintiffs and Mr. Ogunmeno's conduct.  As the Court explained in its Memorandum and Order imposing sanctions, Plaintiffs and Mr. Ogunmeno's misconduct was serious.[15]  Additionally, as described more fully below, Plaintiffs and Mr. Ogunmeno have a history of noncompliance with the rules

---

[13]*Id.* at 1–2; *see* Doc. 76 at 1.

[14]*See, e.g., Schoonover v. Colvin*, No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (approving rate of $400 an hour); *Hoffman v. Poulsen Pizza LLC*, No. 15-2640-DDC-KGG, 2017 WL 25386, at *7 (D. Kan. Jan. 3, 2017) (approving rates of $600, $450, and $400 an hour).

[15]Doc. 64.

of this Court and other courts.[16]  Finally, Plaintiffs and Mr. Ogunmeno refused to withdraw their SAC after Defendants alerted them to the violative conduct, and they continue to press this litigation after being sanctioned.  Thus, a monetary sanction in the amount of $6,150.00 is necessary to deter the conduct at issue in this case.

### C.      Sanctioned Party's Ability to Pay

In their response, Plaintiffs and Mr. Ogunmeno do not address their ability to pay the requested attorney's fees.  Indeed, the response states that "King, Muathe, and Ogunmeno don't want to engage in whether they can avoid to pay attorney fees sanctions. How can you determine affordability of sanctions?  Sanction is punishment.  It is not what you bargain for."[17]  The four factors outlined above, including ability to pay, are limiting factors meant to ensure the reasonableness of monetary sanctions.[18]  Without having any indication as to Plaintiffs or Mr. Ogunmeno's inability to pay, and in light of the reasonableness and necessity of the requested fees, the Court is not inclined to reduce the fee award.  The Court is unwilling to speculate as to a party's ability to pay, or lack thereof, without any information from the sanctioned party.

### D.      Other Factors

Finally, the Court must consider other factors bearing on the amount of monetary sanctions, including the offending party's history, experience, ability, the severity of the violation, and the risk of chilling effects on zealous advocacy.  Judge Fleming in her motion does not directly address Plaintiffs and Mr. Ogunmeno's history.  But as the Court explained above, Plaintiffs and Mr. Ogunmeno pressed ahead even after being notified of and sanctioned for the

---

[16]*See* Doc. 18; Doc. 73-5.

[17]Doc. 76 at 2.

[18]*White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990).

Rule 11 violations.[19]  Additionally, Defendants My Town Media, Inc. ("My Town") and Joe Manns have submitted with their motion for attorney's fees a state court order in another case imposing filing restrictions against Plaintiffs for similar conduct.[20]  Finally, the Court has previously admonished Mr. Ogunmeno for violations of local rules apart from the conduct that gave rise to the Rule 11 sanctions.[21]  Based on this history, the Court finds the requested monetary sanctions necessary.

Defendants do not address Mr. Ogunmeno's experience or ability, but as Mr. Ogunmeno states in his response, he has at least three other pending cases currently in federal court, one of which is before this Court.[22]  The requested fees are thus necessary to deter similar conduct in later litigation before this and other federal courts.  The Court is also guided by the severity and willful nature of the Rule 11 violations at issue here.

Finally, the Court considers the chilling effect, if any, that the imposition of attorney's fees would have on zealous advocacy.  Plaintiffs and Mr. Ogunmeno make much of this factor in their response.  But the Court is not convinced that awarding the requested attorney's fees will chill zealous advocacy.  To the contrary, the sanctions the Court has imposed are intended to ensure more effective advocacy by encouraging counsel to inquire reasonably into the factual circumstances of a case before filing papers with the Court in the future, as Rule 11 contemplates.[23]  However, to the extent the monetary sanctions will have any chilling effect on advocacy, the Court finds this effect is outweighed by the reasonableness of the requested fees,

---

[19]*See supra* Part I.B.

[20]Doc. 73-5.

[21]*See* Doc. 18.

[22]*Glenn v. Hrgota*, No. 16-cv-2092-JAR.

[23]Fed. R. Civ. P. 11(b).

the necessity of the fees, the apparent ability of the offending parties to pay, the offending parties' history, and the severity of the offending conduct.

Having considered the factors above, the Court finds that $6,150.00 in attorney's fees is both reasonable and the minimum amount necessary to deter the offending conduct. Accordingly, Plaintiff King, Mr. Muathe, and Mr. Ogunmeno shall each pay $2,050.00 in attorney's fees to Judge Fleming, to be payed to the Kansas Attorney General's Office.

## II.     Defendants My Town and Manns' Request

Defendants My Town and Manns filed a motion for attorney's fees, requesting fees in the amount of $15,000.[24]  As Mr. Phillips did, counsel for Defendants My Town and Manns, Bernard Rhodes, submitted an affidavit detailing his work on this matter, his hourly rate, and his attempted communications with Mr. Ogunmeno.  Mr. Rhodes states in his affidavit that the requested fee amount is based on 41 hours of work on this case at an hourly rate of $375.  This rate was fixed pursuant to a pre-existing agreement with Defendant My Town's insurance carrier.  According to Mr. Rhodes, his regular hourly rate for 2016 was $525, and for 2017 is $550.  Additionally, Mr. Rhodes states that the $375 rate is well within the range of hourly rates for similarly qualified lawyers in Kansas City, as well as rates that this Court and other courts have approved in the past.[25]

Attached to Mr. Rhodes' affidavit is a breakdown of the hours he spent working on this case since July 27, 2016.  Mr. Rhodes' work during this time largely related to responding to Plaintiff's SAC, conducting discovery, and responding to the conduct that gave rise to the Rule

---

[24]Defendants move for attorney's fees pursuant to the Court's imposition of Rule 11 sanctions and in the alternative under 28 U.S.C. § 1927.  The Court's Memorandum and Order directing Plaintiffs and Mr. Ogunmeno to pay reasonable attorney's fees and expenses to "Defendants" applies to Defendants My Town and Manns, as well as Judges Fleming and Loy, as the Rule 11 violations prejudiced all Defendants.  *See* Doc. 64.

[25]*See supra* note 14.

11 sanctions.[26]  Some of his work, however, consisted of responding to Plaintiffs' First Amended Complaint.  Mr. Rhodes also summarized his attempts to communicate with Mr. Ogunmeno regarding the fee issue.[27]  Mr. Rhodes attempted to contact Mr. Ogunmeno five times, but never heard back.[28]

### A.      Reasonableness (Lodestar Calculation)

The Court finds Defendants My Town and Manns' request for attorney's fees reasonable. Defense counsel's hourly rate is appropriate given his experience, the complexity of this case, and rates typically approved by this Court and other courts.  Plaintiffs and Mr. Ogunmeno do not challenge Mr. Rhodes' hourly rate.  Additionally, the amount of hours that gave rise to the requested fees is reasonable.  Plaintiffs and Mr. Ogunmeno argue that the offending email was not necessary to support their state law claims against Defendants My Town and Manns.  But the Court has previously explained how the offending email affected the state law claims, and how Plaintiffs' and Mr. Ogunmeno's conduct prejudiced all Defendants.[29]  Thus, the Court finds that the $15,000 in attorney's fees that Defendants My Town and Manns request are reasonable.

### B.      Minimum Amount Necessary to Deter

The Court, however, is not convinced that $15,000 is the minimum amount necessary to deter Plaintiffs and Mr. Ogunmeno's conduct in this case.  The Court is already imposing monetary sanctions on Plaintiffs in relation to Judge Fleming.  Additionally, some of the work summarized in Mr. Rhodes' affidavit related to Plaintiffs' First Amended Complaint, which did not incorporate the offending email.  Although the Court does not wish to minimize the serious

---

[26]Doc. 73-1 at 6–7.

[27]*Id.* at 4.

[28]*Id.*

[29]*See* Doc. 64.

nature of Plaintiffs and Mr. Ogunmeno's Rule 11 violations, and although the Court is convinced that the fees Defendants My Town and Manns seek are reasonable, the Court finds that an amount less than $15,000 would be sufficient to deter the conduct at issue here, in light of the other monetary sanctions the Court has imposed and the dismissal of Plaintiffs' case in its entirety with prejudice.  The Court is satisfied that the combination of these sanctions will deter Plaintiffs, Mr. Ogunmeno, and others similarly situated from engaging in similar conduct in the future.  Accordingly, the Court will reduce the amount of fees Plaintiffs and Mr. Ogunmeno will be required to pay to Defendants My Town and Manns to $12,000.

### C.      Ability to Pay

As with their response to Judge Fleming's motion, Plaintiffs and Mr. Ogunmeno do not address their ability to pay in response to Defendants My Town and Manns' motion.  In their response, they again state "King, Muathe, and Ogunmeno do not want to engage in [an] affordability debate.  The reality is imposition of sanction is punishment."[30]  However, Mr. Ogunmeno does state that he "recently received a notice letter that his Life Sales contract with Transamerica [has] been cancelled for lack of production in 24 months.  So much for be [sic] able to afford payment of attorney sanctions."[31]  This statement and the accompanying letter indicating termination of the contract provide little, if any, insight into Mr. Ogunmeno's ability to pay sanctions.[32]  The Court is unwilling to speculate as to Mr. Ogunmeno's ability to pay monetary sanctions, as it is his burden to provide this information to the Court.  Without more, the Court declines to reduce the amount of attorney's fees—beyond what it has already reduced—based on the inability of Plaintiffs or Mr. Ogunmeno to pay.

---

[30]Doc. 76 at 3.

[31]*Id.*

[32]*See* Doc. 76-1.

### D.    Other factors

The Court finds that the other factors that guide the determination on the amount of monetary sanctions support imposition of fees in the amount of $12,000.  As explained more fully above, the misconduct that gave rise to sanctions was severe and the sanctioned parties have a history in this Court and other courts of admonitions and sanctions for violations of various rules of litigation.[33]  Additionally, Mr. Ogunmeno has other pending cases before this Court and other federal courts, and thus there is an obvious need for deterrence.  Finally, to the extent attorney's fees will chill zealous advocacy, that effect is minimal compared to the factors explained above that weigh in favor of imposing meaningful monetary sanctions.  For these reasons, the Court orders Plaintiffs and Mr. Ogunmeno to pay $12,000 in attorney's fees to Defendants My Town and Manns.  Plaintiffs and Mr. Ogunmeno shall each pay $4,000—their equal shares—in attorney's fees to Defendants My Town and Manns.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lori Fleming's Motion to Set Attorney's Fees (Doc. 69) is **granted**.  The Court imposes attorney's fees in the amount of $6,150.00.  Plaintiff Kasey King, Eric Muathe, and counsel Adebayo Ogunmeno shall each pay $2,050.00 in attorney's fees to the Kansas Attorney General's Office for its defense of Defendant Fleming.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants My Town Media, Inc. and Joe Manns' Application for Attorney's Fees (Doc. 73) is **granted in part**.  The Court imposes attorney's fees in the amount of $12,000.00.   Plaintiff Kasey King, Eric Muathe, and counsel Adebayo Ogunmeno shall each pay $4,000.00 in attorney's fees to Defendants My Town Media, Inc. and Joe Manns.

---

[33]*See supra* Part I.D.

**IT IS SO ORDERED.**

Dated: March 27, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
